UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

ROBERT G. LEUNG,

Debtor

Chapter 7
Case No. 05-18073-WCH

MEMORANDUM OF DECISION REGARDING TRUSTEE'S LIMITED OBJECTION
TO DEBTOR'S CLAIM OF EXEMPTION

I. Introduction

The matter before the Court is the Trustee's Limited Objection to Debtor's Claim of Exemption (the "Objection") and the response of Robert G. Leung (the "Debtor"). The Trustee contends that under newly enacted 11 U.S.C. § 522(p), the Debtor's homestead exemption must be capped at $125,000 because the Debtor's wife transferred her sole title to their residence to the Debtor and herself within 1215 days of the Debtor's petition. The Debtor contends that he received no new interest in the property as a result of the transfer as he had held an equitable interest in the property when she was the sole title holder. Alternatively, he argues that the exception to the cap is applicable. For the reasons set forth below, I will sustain the Objection.

II. Background

The parties do not dispute the facts. In May 1988, Debtor and his wife purchased real property in Quincy, Massachusetts as tenants by the entirety for $210,000 (the "Property"). In April 2001, the Debtor and his wife transferred the Property to the Debtor's wife for $1.00. In February 2005, the Debtor's wife transferred the Property to the Debtor and his wife as tenants

1

by the entirety for $1.00.¹ At the time of the third transfer, the Debtor filed a Declaration of Homestead.

On September 6, 2005, the Debtor filed for bankruptcy relief. In Schedule A of his petition, the Debtor listed an interest in the Property. He described his interest as "TXE". He disclosed that the fair market value of the Property was $500,000 and his interest was $250,000. He also revealed that the mortgage on the Property was $85,000 and that the Debtor's share of that mortgage was $42,500. He claimed in Schedule C an exemption under Mass. Gen. Laws ch. 188, § 1. He listed the value of the exemption at $187,500.

The Trustee filed the Objection in which he argued that the Debtor's exemption must be limited to $125,000 pursuant to 11 U.S.C. § 522(p). That section provides

> Except as provided in paragraph (2) of this subsection and sections 544 and 548, as a result of electing under subsection (b)(3)(A) to exempt property under State, or local law, a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of the filing of the petition that exceeds in the aggregate $125,000 in value in . . . (D) real or personal property that the debtor or dependent of the debtor claims as a homestead.

11 U.S.C. § 522(p)(1).

The Trustee submitted that because the Debtor acquired his present interest in the Property within 1215 days preceding the filing of his petition, his homestead must be capped at $125,000. In response, the Debtor argued that since the time that he and his wife originally acquired the Property, he has contributed his income toward the upkeep of the Property, has been in control of the Property and has maintained an equitable interest in the Property. Accordingly, the Debtor asserted that he did not acquire any new interest in 2005 and the foregoing subsection

---

¹The Debtor and his wife signed the deed on February 15, 2005 and recorded the deed on February 16, 2005.

2

does not apply.

The Debtor also argued that § 522(p) does not apply based upon the following exception:

> for purposes of paragraph (1), any amount of such interest does not include any interest transferred from a debtor's previous principal residence (which was acquired prior to the beginning of such 1215-day period) into the debtor's current principal residence, if the debtor's previous and current residences are located in the same State.

11 U.S.C. § 522(p)(2)(B).

The Debtor explained that he obtained a legal interest in the Property in 1988 and reacquired that interest in 2005. Because he acquired his initial interest prior to the 1215 days preceding his bankruptcy filing, he claimed to fall within the statutory exception.

At the hearing on the objection and response, the Trustee explained that after the Debtor's spouse took sole legal title of the Property in 2001, she granted the mortgage. She is the sole obligor on the corresponding promissory note. The Trustee also argued that the exception to the homestead cap is inapplicable because there is no immediately previous ownership from which to deduct the Debtor's interest. The Debtor reasserted that he has maintained an equitable interest in the Property although he has not been the record title holder during the tenure of the couple's occupation of the Property. If that interest has value, then the Debtor argued that he is subject to the exception. I then took the objection and response under advisement while noting that I was concerned about the issue of whether the Debtor held an equitable interest in the Property at a time when he did not hold legal title. Both parties subsequently filed briefs.

In his brief, the Trustee argued that bankruptcy cases which apply state probate law to determine spousal interest in real property are inapplicable because they address those interests in the context of a divorce proceeding. The Trustee asserted that the plain meaning of the statute

3

makes it applicable to this case. Lastly, the Trustee explained that the exception does not apply because there was no roll-over of equity which, according to the few published decisions, the statutory exemption was designed to protect.

The Debtor responded that he held an interest in the Property based upon *In re Perry*, 131 B.R. 763 (Bankr. D. Mass. 1991). The Debtor further argued that the Trustee cannot meet his burden of establishing that the Debtor acquired property as that term is defined in the statute. He explained that he was the recipient of a gift of equity from his wife. The Debtor asserted that because he was not a willing participant in a scheme to transfer non-exempt property into exempt property, an action the statute was designed to avoid, his homestead exemption should not be subject to subsection (p). In support, he cites to *In re Wayrynen*, 332 B.R. 479 (Bankr. S.D. Fla. 2005). He questioned the Trustee's ability to determine the value of the equity.

Lastly and with respect to the application of the exception to the exemption and what the Debtor views as potentially limiting language, the Debtor states

> Such use of the terms previous principal residence and current principal residence to prevent the application of 11 USC Section 522(p)(2)(B) to this case, would produce an absurd result. A better construction without doing violence to Congressional intent would be to treat the words as meaning, "proceeds from the sale of a prior residence", as opposed to any real estate, such as rental or raw land, and then "into the debtor's current principal residence". That is, requiring transfer of an interest, (generally funds) from a residence to a residence, a construction that meets the intent of Congress without penalizing Debtor's [sic] who do not transfer assets seeking exemptions.

Memorandum of Law Supporting the Debtor's Claim of Homestead Exemption, p. 5

III. Analysis

Most of the decisions which have been issued since the enactment of § 522(p), part of the

4

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, address the issue of whether the language "result of electing" renders the cap inoperative in "opt out" states because debtors in those states do not have the option to elect between state and federal exemptions. The majority of cases have not so restricted the application of the statute. *See In re Rasmussen*, 349 B.R. 747, 752 (Bankr. M.D. Fla. 2006), *In re Summers*, 344 B.R. 108 (Bankr. D. Ariz. 2006), *In re Buonopane*, 344 B.R. 675 (Bankr. M.D. Fla. 2006), *In re Landahl*, 338 B.R. 920 (Bankr. M.D. Fla. 2006), *In re Kane*, 336 B.R. 477 (Bankr. D. Nev. 2006), *In re Blair*, 334 B.R. 374, 376 (Bankr. D. Tex. 2005), *In re Virissimo*, 332 B.R. 201 (Bankr. D. Nev. 2005), *In re Wayrynen*, 332 B.R. 479 (Bankr. S.D. Fla. 2005). Only one court has ruled that the statute must be strictly construed and is inapplicable to cases filed in "opt out" states. *In re McNabb*, 326 B.R. 785 (Bankr. D. Ariz. 2005). Massachusetts is one of a handful of states which is not an "opt-out" state and therefore the matter is not an issue in this district.

In order to determine whether to apply the cap in this case, I must first consider whether the Debtor acquired an interest within 1215 days of filing for relief. This requires that I determine whether the Debtor, held an interest in the Property while his wife was the sole title holder. In doing so, I must look to the law of Massachusetts. *Butner v. United States*, 440 U.S. 48, 54-55 (1979).

The Debtor contends that when his wife was the sole titleholder, he held an equitable interest. Cases such as *In re Perry, supra*, however, are unhelpful to the Debtor as they address the equitable distribution of property under Mass. Gen. Laws ch. 208, § 34. *See also, Compagnone v. Compagnone (In re Compagnone)*, 239 B.R. 841 (Bankr. D. Mass. 1999). The statute applies to couples that are divorcing and is inapplicable to this case where the parties

5

remain married.

The Debtor did not argue that he is entitled to have imposed certain equitable remedies such as constructive or resulting trusts. It does not appear that the Debtor would be entitled to such relief as there has been no allegations of fraud and the transfers were intra-family for essentially no consideration. *Crowly v. Remillard*, 65 Mass.App.Ct. 1107, 838 N.E.2d 622 (2005) (explaining appropriate application of such trusts), *Lewis v. Mills*, 32 Mass.App.Ct. 660, 593 N.E.2d 1312 (1992) (declining to impose resulting or constructive trust due to lack of intent and fraud), *Abbot v. Arthur Mackenzie Prod., Inc.*, No. 011287BLS, 2006 WL 1360860 (Mass. Super. Ct. April 3, 2006) (declining to impose constructive trust on property owned by one spouse to satisfy creditor of other spouse). The Debtor also did not assert that there was a fraudulent conveyance when he and his wife transferred the property to her and I am dubious that the Debtor could construct a theory under which he could commence such an action for his benefit. Because the Debtor has provided no theory or evidence which supports his claim to an equitable interest in the Property when his wife was the sole titleholder, the Court declines to make such a finding.

As the Debtor held no interest in the Property when his wife held the deed in her name only, the Debtor acquired an interest in the Property in 2005. As a result, I must address the two additional issues the Debtor raised. The first issue is whether an interest can be "acquired by the debtor" when the Debtor received his partial interest in the Property as a gift from his wife. His second argument is that the exception to the statute must be applicable because the interest which his wife transferred to the couple included the interest which the couple had transferred to her.

Several courts have considered the issue of what is meant by "acquired by" and have

ruled that the appreciation in equity during the 1215 period was not an "interest that was acquired by the debtor" for purposes of the statute. *In re Rasmussen*, 349 B.R. 747 (Bankr. M.D. Fla. 2006) (concluding "interest" is equity and "acquired by the debtor" requires active not passive acquisition), *In re Sainlar*, 344 B.R. 669, 673 (Bankr. M.D. Fla. 2006) ("The phrase 'interest that was acquired' as used in § 522(p)(1) means the acquisition of ownership of real property."), *In re Blair*, 334 B.R. 374, 376-77 (Bankr. N.D. Tex. 2005) (ruling interest acquired is purchase of home). Some courts have differed on whether the acquisition of a homestead itself during the applicable period rendered the homestead claim subject to the cap. *Compare In re Rogers*, 3:06-CV-0619-G, 2006 WL 2956537, __ B.R. __, (N.D. Tex. October 16, 2006) (ruling debtor who owned real estate for years but moved into it and obtained a homestead during the 1215 day period had not acquired interest because not quantitative) and *In re Lyons*, 05-49464-JBR, 2006 WL 3392619, __ B.R. __ (Bankr. D. Mass. November 22, 2006) (ruling homestead not interest as it is not a "quantitative amount of legal or equitable value.") *and* with *In re Green*, 346 B.R. 835, 842 (Bankr. D. Nev. 2006) (ruling claim of homestead is an interest acquired because it is a legal right apart from ownership).

In this case, the Debtor acquired his present interest in the Property when his wife transferred her sole interest to the couple. That same day, the Debtor declared a homestead in the Property. The Debtor claims that he did not actively acquire the Property rather it was a gift. Under Massachusetts law, "a donee may disclaim or renounce a gift. This rule applies to . . . a grantee of a deed, *Meigs v. Dexter*, 172 Mass. 217, 218, 52 N.E. 75 . . . " *Garfield v. White*, 326 Mass. 20, 26, 92 N.E.2d 575, 579 (1950). *See also Bianco v. Lay*, 313 Mass. 444, 447-8, 48 N.E.2d 36, 38 (1943) ("It is true, as argued by the demandant, that the recording of a deed

7

without the knowledge or consent of the grantee is not effective to pass title, and that the deed will not become effective until the date of its acceptance."). Moreover, under Massachusetts law, a homestead can be acquired by deed, or in the Debtor's case, by filing a Declaration of Homestead. Mass. Gen. Laws ch. 188, § 2. To the extent that "acquired by the debtor" requires an affirmative action, I find that the Debtor acquired an interest because he accepted delivery of the deed and then made the affirmative step to declare a homestead.

The last issue the Debtor presented is whether the statutory exception is applicable. The exception provides that any interest acquired during the 1215 days before the petition cannot include any interest transferred from a previous residence, outside of the 1215 days, into the current residence so long as the residences are in the same state. 11 U.S.C. § 522(p)(2)(B).[2] In addition to interpreting the "result of electing" language, the court in *Wayrynen* had to consider this subsection. 332 B.R. at 484.[3] The debtor, who had owned consecutively three pieces of real estate, argued that the exception to the exemption cap applied. The debtor had purchased and sold the first property well outside of the 1215 day window and purchased and sold the second within the 1215 day period. 332 B.R. at 485. Shortly before he filed for relief, the Debtor purchased a third property. The trustee objected to the exemption on the grounds that the cap should apply. *Id.* at 481-82.

The court found that the equity in the Debtor's third home was derived from the equity he obtained from the sale of his first home and because that equity exceeds the amount of the cap,

---

[2]This matter only involves the Property and therefore the same state requirement is not at issue.

[3] Another court which considered the application of the exception addressed the method of calculation. *In re Summers*, 344 B.R. 108, 109-110 (Bankr. D. Ariz 2006).

8

the court overruled the objection. *Id.* at 486. The court also provided a formula for applying the exception to the cap. In overruling the trustee's argument that the exception was inapplicable because the second and not the first property was the debtor's previous principal residence, the court wrote:

> The Court finds the Trustee's construction of the limitation contained in § 522(p)(2)(B) to be too narrow. The gravamen of § 522(p)(1) is to limit the ability of individuals desiring to take advantage of the lenient exemption provisions of "debtor-friendly" states by relocating to such states. H.r. rep.no. 190-31, pt.1, at 102 (2005). To the contrary, the "safe harbor" language of § 522(p)(2)(B) would appear to have been intended to afford protection to individuals like the Debtor who, rather than seeking to take advantage of Florida's exemption provisions to shelter illicitly - or improperly-obtained funds, simply have benefitted as a result of their ownership of Florida real property and the general appreciation of property values attributable to previous intra-state transactions.

*Id.* at 486.[4]

In this case, the Debtor argues that the exception applies because the interest he acquired in 1988 was transferred into the interest which he acquired in 2005. He also argues that to interpret the statute in accordance with Congress' intent, I should disregard the words "previous" and "current". The Trustee contends that the word "previous" cannot attach to the interest the Debtor acquired in 1988 because there was an intervening titleholder.

The Debtor's attempt to reword the statute violates the cardinal principal of statutory construction that no word of a statute shall be superfluous or insignificant. *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). The words "previous" and "current" must have some significance. The

---

[4]Another court interpreted this section in dicta to allow a "rollover by debtors of the equity in one home to another home located in the same state. A debtor is not subject to the homestead cap if he takes the proceeds of his first residence and reinvests them in a second residence even within the prescribed period of section 522(p)." *In re Blair*, 334 B.R. 374, 377 (Bankr. N.D. Tex. 2005).

9

equity from one house into another. In other words, the statute requires two principal residences. In this case, there is no transfer from a previous principal residence to a current residence. I cannot interpret the statute otherwise particularly when the plain language of the statute is clear and does not lead to absurd results. *Union Bank v. Wolas*, 502 U.S. 151, 158 (1991).[5] Accordingly, I conclude that the exception to the statutory cap does not apply.

IV. Conclusion

For the reasons set forth herein, I will enter an order sustaining the Objection.

William C. Hillman
U.S. Bankruptcy Judge

Dated: December 6, 2006

---

[5] It is for this reason I need not and cannot consult the legislative history.